COMMONWEALTH of Pennsylvania, Appellee

v.

Vernell Holland NICKENS, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 9, 2007.

Filed April 27, 2007.

---

Andrew P. Bainbridge, Public Defender, Harrisburg, for appellant.

Jason E. McMurry, Asst. Dist. Atty., Harrisburg, for the Com., appellee.

BEFORE: LALLY–GREEN, PANELLA, JJ., and McEWEN, P.J.E.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Vernell Holland Nickens, appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County, Pennsylvania on April 5, 2006. This judgment of sentence modified the sentence entered on January 19, 2006. For the reasons that follow, we vacate the sentence and remand.

¶ 2 The following facts and procedural history are not in dispute. On May 19, 2004, Appellant pled guilty to one count of

attempted burglary at Docket 389 CR 2004, and one count of burglary at Docket 1504 CR 2004. On that day, Appellant was sentenced to 23 months' probation and fined $500.00 on the criminal attempt charge, as well as 23 months' probation and a $500.00 fine on the burglary charge. On November 5, 2004, Appellant was arrested and charged with false reports. On December 4, 2004, Appellant was sentenced for possession of drug paraphernalia to a term of 12 months' probation at Docket 03 DJ 2004.

¶ 3 Following a revocation hearing on March 4, 2005, Appellant's probation was revoked and he was re-sentenced. The new sentence on all three dockets was virtually identical to the original sentences. On March 10, 2005, Appellant pled guilty to the false reports charge and was sentenced to nine months' probation at Docket 87 CR 2005.

¶ 4 On January 19, 2006, Appellant appeared for another revocation hearing. At this hearing, Appellant's probation officer testified that he was in violation of three conditions of his probation. The first violation was his October 6, 2005 arrest for possession of drug paraphernalia, disorderly conduct, public drunkenness, and underage drinking.[1] N.T., 1/19/06, at 4. The probation officer also testified that Appellant violated his probation by failing to report for his scheduled appointments on August 4, 2005 and August 25, 2005, and by failing to make regular payments for fees, fines, and costs. *Id.* The probation officer recommended that Appellant's sentence of probation at docket numbers 389 CR 2004, 1504 CR 2004, 03 DJ 2004, and 87 CR 2005 should be revoked, and that he

---

1. Appellant pled guilty on the charges of possession of paraphernalia, underage drinking, and public drunkenness and was sentenced to a term of 60 days in prison. *See N.T.,* 1/19/06, at 4.

should be sentenced to an appropriate period of incarceration. *Id.* at 5.

¶ 5 At the conclusion of the January 19, 2006 revocation hearing, the court sentenced Appellant on Dockets 389 CR 2004 and 1504 CR 2004 to a concurrent term of 14 to 60 months in prison. *Id.* at 8. The court also imposed a fine of $1,000.00 and ordered Appellant to pay restitution. *Id.* On Docket 87 CR 2005, the court sentenced Appellant to a term of six to 12 months in prison. This term was ordered to run consecutive to the sentences imposed at Dockets 389 CR 2004 and 1504 CR 2004. *Id.* The aggregate sentence amounted to a term of 20 to 72 months in prison. *Id.*

¶ 6 On January 26, 2006, Appellant filed a timely motion to modify sentence pursuant to Pa.R.Crim.P. 720. In his motion, Appellant requested that the court modify the sentence so that his prison term for Docket 87 CR 2005 would run concurrently with his convictions on the other dockets, instead of consecutively. While the Commonwealth did not file a motion to modify the sentence, the Commonwealth did file, on January 31, 2006, an answer to Appellant's motion which included a "New Matter." In the New Matter, the Commonwealth requested that the court increase Appellant's sentence.

¶ 7 On April 4, 2006, the court entered an order that denied Appellant's motion for modification of sentence, and simultaneously modified the sentence upward. The court increased the term for Docket 1504 CR 2004 to 24 to 60 months "for the reasons enumerated in the Commonwealth's answer." Order of Court, 4/4/06. The sentence for 87 CR 2005 was also ordered to run consecutive with 1504 CR 2004. On April 5, 2006, the court entered an amended order which was substantively identical to the order dated April 4th. This appeal followed.[2]

¶ 8 On appeal, Appellant presents the following issues for our review:

I. Whether the trial court erred when it simultaneously denied the Appellant's motion to modify and granted a modification to Appellant's sentence?

II. Whether the trial court erred when it cited to the Commonwealth's answer to the Appellant's motion to modify as the basis to upwardly modify the Appellant's sentence, and therefore put no reasons for the adjustment on the record?

Appellant's Brief at 4.

¶ 9 Appellant's two issues challenge the sentencing court's order that modified his sentence upward despite the Commonwealth's failure to file a post-sentence motion. Our decision in this case is guided by Pennsylvania Rules of Criminal Procedure 720 and 721. Together, these rules set forth the applicable procedure when either a defendant, or the Commonwealth, seeks to challenge a sentence by filing a post-sentence motion.

¶ 10 Rule 720 provides that a post-sentence motion may include a defendant's motion to modify his sentence. *See* Pa. R.Crim.P. 720(B)(1)(a)(v). The rule requires that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa. R.Crim.P. 720(A)(1). Similarly, Rule 721 establishes "a Commonwealth motion for modification of sentence shall be filed no

---

**2.** Appellant filed a timely notice of appeal on May 3, 2006. On May 5, 2006, the court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant complied with this order by filing his concise statement, which included the issues currently before us, on May 18, 2006.

later than 10 days after imposition of sentence." Pa.R.Crim.P. 721(B)(1).

¶ 11 This Court has indicated that when the Commonwealth does not file a post-sentence motion seeking modification of a sentence, the sentencing court may not increase a sentence based upon the defendant's post-sentence motion. In *Commonwealth v. Broadie,* 339 Pa.Super. 394, 489 A.2d 218 (1985), this Court stated that "[i]n the case of a Rule 1410 [3] motion by the defendant, the court [cannot] increase the sentence since it cannot raise issues *sua sponte.*" *Id.* at 222 n. 5, *citing Commonwealth v. Murphy,* 305 Pa.Super. 246, 451 A.2d 514 (1982); *see also Commonwealth v. Greer,* 382 Pa.Super. 127, 554 A.2d 980, 987 n. 6 (1989), *appeal denied,* 534 Pa. 653, 627 A.2d 730 (1993).

¶ 12 We turn once again to the procedural posture of the present matter. The record reflects that the Commonwealth filed no post-sentence motion pursuant to Pa.R.Crim.P. 721 seeking modification of Appellant's sentence. Instead, on January 31, 2006, the Commonwealth filed an "Answer to Defendant's Motion to Modify Sentence" that included a "New Matter." In its "New Matter," the Commonwealth requested that the court impose a higher sentence on Appellant and included multiple averments in support of a longer sentence. As a result, on April 4, 2006, the sentencing court denied Appellant's motion and simultaneously imposed a new, more severe sentence. In support of the increased prison term, the court cited only

"the reasons enumerated in the Commonwealth's answer."

¶ 13 No authority has been presented, and we are aware of none, that permits a court to consider the Commonwealth's Answer and New Matter as an equivalent to a post-sentence motion. Furthermore, the Commonwealth does not argue that we can or should do so. Assuming *arguendo* that we were to deem this document the functional equivalent of a post-sentence motion, it nevertheless would have been untimely. As noted above, Rule 721 requires the Commonwealth to file a post-sentence motion within 10 days of the imposition of sentence. Here, the court imposed its sentence on January 19, 2006, and the Commonwealth did not file its New Matter until January 31, 2006, twelve days later. Thus, the Commonwealth's New Matter was not timely filed pursuant to the timing provisions of Rule 721. As such, even if we deemed this filing a post-sentence motion, it nevertheless provided the court with no basis for increasing Appellant's sentence.[4]

¶ 14 We conclude that because the Commonwealth did not file a timely post-sentence motion, the sentencing court had no basis on which to impose a harsher sentence. By doing so, the trial court essentially increased Appellant's sentence *sua sponte,* without the legal authority to do so. *Broadie; Greer.*[5] Therefore, the highly regarded trial court misapplied the law when it modified Appellant's sentence

---

**3.** Former Pa.R.Crim.P. 1410 was renumbered as Rule 720, effective April 1, 2001. Similarly, former Rule 1411 was renumbered as Rule 721.

**4.** Because the question is not before us, we decline to express an opinion as to whether a court may treat an answer and new matter filed by the Commonwealth as a post-sentence motion, when the document is filed within 10 days of the imposition of sentence.

**5.** We recognize that 42 Pa.C.S.A. § 5505 provides courts with statutory authority to modify or rescind any order within 30 days if no appeal has been taken. In Appellant's case, the court imposed the original sentence on January 19, 2006 and entered the order modifying the sentence on April 4, 2006. As such, section 5505 does not apply here because the order modifying Appellant's sentence was entered after the statutory 30–day window.

upward in the absence of a postsentence motion filed by the Commonwealth.[6] For these reasons, Appellant's first issue entitles him to relief.

¶ 15 In light of our disposition of Appellant's first issue, we need not analyze the merits of Appellant's second claim. For the reasons set forth above, we conclude that in the circumstances of this case, the court erred by increasing Appellant's sentence. Therefore, we vacate the sentencing order of April 5, 2006, and remand for the court to reinstate the sentence imposed on January 19, 2006.

¶ 16 Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

---

6. We highly commend the Commonwealth for being forthright and bringing to our attention two cases, not cited in Appellant's brief, which support Appellant's position on appeal. We also appreciate that the Commonwealth conceded that Appellant's position on appeal is correct. Such acts are commendable as they reflect a desire to effectuate justice and preserve the integrity of both the legal profession and the judicial system.