J-A26014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD JOSEPH DINELLO, JR. | |
| Appellant | No. 1810 MDA 2014 |

Appeal from the Judgment of Sentence of July 17, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0003432-2013

BEFORE: FORD ELLIOTT, P.J.E., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 17, 2015**

Donald Dinello appeals the July 17, 2014 judgment of sentence. Herein, Dinello raises multiple challenges to the trial court's exercise of its discretion in fashioning Dinello's sentence. We reject those challenges, and we affirm the judgment of sentence.

In 2012, the Attorney General's Office began investigating Dinello, a licensed dentist, for illegally prescribing oxycodone to one of his employees, Rachel Amato, and her husband, Mark Amato. Dinello prescribed the pills not for any dental procedure or condition, but instead for the Amatos' complaint of back pain. In total, the Attorney General's Office determined that Dinello illegally had prescribed 2700 pills. Additionally, the investigation

---

[*]     Retired Senior Judge assigned to the Superior Court.

produced evidence that Dinello had stolen dental supplies, mostly dental implants, from Oral Surgery Associates without his partner in that office knowing. Dinello then sold the supplies at a discounted rate to another dental office, where Dinello also was employed. Dinello kept the proceeds from these sales for personal use.

Following a grand jury investigation, which recommended filing criminal charges against Dinello, and formal charges by the Attorney General, Dinello appeared before the trial court in this case to enter guilty pleas. On March 28, 2014, Dinello pleaded guilty to three counts of failure to keep records of disposition of controlled substances, 35 P.S. § 780-113(a)(21), and one count of theft by failure to make required disposition of funds. 18 Pa.C.S. § 3927. As part of the plea agreement, the Commonwealth agreed that it would not make any particular recommendation to the trial court regarding Dinello's sentence. Nonetheless, on July 9, 2014, the Commonwealth filed with the trial court a letter in which it detailed the crimes committed by Dinello, and requested permission to present oral argument at the time of sentencing. On July 10, 2014, Dinello's counsel filed a sentencing memorandum with the court detailing all of Dinello's background, as well as other mitigating evidence including a large quantity of letters that were submitted on Dinello's behalf.

On July 17, 2014, the trial court imposed an aggregate sentence of fifteen to thirty months' incarceration. Even though the maximum sentence exceeded two years, the trial court ordered that Dinello could serve the

sentence in a county facility and could participate in a work release program while there. The Commonwealth did not object to the sentence as ordered. However, neither the parties nor the court considered whether the county jail had the current capacity to incarcerate Dinello under these circumstances. The trial court also ordered Dinello to pay restitution for the stolen goods in the amount of $84,550.

On July 22, 2014, the Commonwealth informed the trial court by letter that the county jail had reported to the Commonwealth that it was at 140% capacity, and that, under those circumstances, it could not house Dinello to serve his sentence. Dinello's counsel responded by sending a letter to the trial court requesting that the court carry out its intended sentence by ordering Dinello to serve the same amount of time on intermediate punishment. On July 28, 2014, Dinello filed a motion to modify his sentence, in which Dinello contended that the amount of restitution was not supported by the evidence and that the sentence was excessive, and did not reflect the mitigating information submitted by Dinello.

On October 1, 2014, the trial court held a hearing on Dinello's motion. At the hearing, despite agreeing to not make any specific recommendations regarding the sentence, the Commonwealth urged the trial court to modify the sentence from the original sentence to a sentence in a state prison. The trial court repeatedly stated that, at all times throughout the proceedings, the court believed that Dinello should be incarcerated. Thus, because the county jail could not house Dinello, the trial court modified the sentence to

be served in a state prison. The length of the actual sentence remained the same, fifteen to thirty months. However, Dinello no longer was permitted to serve the sentence in a county jail, and no longer was eligible for work release. However, because the sentence was modified to a state sentence, Dinello became eligible for the Recidivism Risk Reduction Incentive ("RRRI") program, 61 Pa.C.S. §§ 4501–12. Because Dinello was RRRI-eligible, the trial court then reduced his minimum release date from fifteen months to twelve months. The trial court did not modify the restitution award.

On October 27, 2014, Dinello filed a notice of appeal. In response, the trial court directed Dinello to file a concise statement of errors complained of on appeal. On December 12, 2014, Dinello timely complied. On April 13, 2015, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Dinello raises the following questions for our review:

A. Whether the trial court erred by imposing a sentence which violates the sentencing code?

B. Whether the trial court abused its discretion by imposing an excessive and unreasonable aggregate sentence by running the sentences for each count consecutive to each other?

C. Whether the trial court erred by ordering restitution in an amount not supported by the record evidence?

D. Whether the trial court erred by failing to rule on [Dinello's] motion to strike restitution order?

Brief for Dinello at 5.

Dinello's first two issues are challenges to the discretionary aspects of his sentence. *See Commonwealth v. Fullin*, 892 A.2d 843, 850-52 (Pa.

- 4 -

Super. 2006) (considering a challenge to a trial court's decision to commit an offender to a state prison instead of a county facility as a challenge to the discretionary aspects of the sentence); *Commonwealth v. Gonzalez–Dejusus*, 994 A.2d 595, 597-98 (Pa. Super. 2010) (holding that a claim that an aggregate sentence involving the imposition of consecutive sentences was excessive was a challenge to the discretionary aspects of sentencing). An appellant is not entitled to review of such challenges as of right. Instead, we conduct a four-part jurisdictional analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks, citations, and modifications omitted).

Instantly, Dinello has filed both a timely notice of appeal and a timely post-sentence motion to modify his sentence. Additionally, Dinello has complied with Rule 2119(f), and has filed a concise statement of the reasons why this Court should consider his challenges to the discretionary aspects of his sentence. *See* Brief for Dinello at 24-25. Thus, Dinello has complied with the procedural requirements to invoke our jurisdiction. The question then becomes whether Dinello has demonstrated within his Rule 2119(f)

statement that his challenges present substantial questions with regard to each of his challenges.

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

***Commonwealth v. Bullock***, 948 A.2d 818, 826 n. 6 (Pa. Super. 2008) (citation omitted).

In his first challenge to his sentence, Dinello argues that the trial court abused its discretion by sentencing him to serve his sentence in state prison, instead of in the county jail, as was ordered originally. As noted, such an argument generally suggests a basic challenge to the trial court's discretion, and would not amount to a substantial question. However, Dinello also argues that the court's modification amounted to an increase in his sentence, one that was imposed without a formal post-sentence request to do so by the Commonwealth. Considering these together, we conclude that Dinello has presented a substantial question sufficient to invoke our jurisdiction to review this issue.

Dinello also argues that the trial court violated the Sentencing Code by failing to "effectuate its prior order of work release." Brief for Dinello at 24. Essentially, Dinello maintains that the trial court should not have modified its original sentencing order, which included the court's authorization for Dinello

to be released from the county jail for work release. Because this argument is dependent upon the court's decision to sentence Dinello to a state facility, which we have found creates a substantial question, we will review this issue in conjunction with the first issue, and conclude that it too presents a substantial question.

Next, Dinello argues that the trial court abused its discretion by refusing his request to serve his sentence on intermediate punishment, instead of total confinement. Dinello does not articulate how this particular argument either violates the Sentencing Code or represents a deviation from the fundamental norms of sentencing. Hence, Dinello has not presented a substantial question with regard to this particular argument.

Finally, Dinello argues that his aggregate sentence is excessive and unreasonable, was not crafted with the purpose of protecting the public and was not proportionate to the gravity of the offense, and was imposed without consideration of Dinello's rehabilitative needs. Generally, claims of excessiveness and failure to consider rehabilitative needs do not, by themselves, raise substantial questions. However, when presented in conjunction with one another, they create a substantial question. *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). Thus, based upon the argument Dinello presents in his Rule 2119(f) statement, we conclude that he has raised a substantial question.

We turn now to the merits of Dinello's claims. We begin with our standard of review:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*) (quotations and citations omitted).

The crux of Dinello's first issue is that the trial court erred when it modified his sentence during the post-sentence motion hearing. More specifically, Dinello claims that the change of the location where he was ordered to serve his sentence, from a county facility to a state facility, constituted an increase in his sentence. Such an increase, Dinello argues, cannot occur unless the Commonwealth first asks the court to increase the sentence in a post-sentence motion. We disagree that the change constituted an increase, and we hold that the trial court did not abuse its discretion when it modified the sentence.[1]

---

[1] In his brief, Dinello presents this question as a challenge to the legality of his sentence. *See* Brief for Dinello at 26. However, earlier in his brief, he characterized the issue as one implicating the discretionary aspects of his sentence. *Id.* at 24. As noted earlier, this Court has characterized questions involving the trial court's decision to require an offender to serve qualifying sentences at a county facility or a state facility as falling within a trial court's discretion. *See Fullin*, *supra*. Nonetheless, because we have found that the issue creates a substantial question, we review the issue on its merits. The designation of whether this is a discretionary aspect challenge or a legal challenge does not impact our resolution of this case.

Following Dinello's guilty plea, the trial court consistently maintained that it believed that Dinello must be incarcerated as punishment for his offenses. At the original sentencing, the court sentenced Dinello to fifteen to thirty months' incarceration. At the end of the hearing, the court determined, without objection from the Commonwealth, that Dinello could serve the sentence in the county jail. Counsel for Dinello requested that Dinello be declared eligible, *inter alia*, for work release. The trial court accepted counsel's requests, and fashioned the sentence accordingly.

Shortly thereafter, the Commonwealth learned that the county jail was at 140% capacity and would not accept a prisoner who was serving a sentence that, by its length, qualified as a state sentence. The Commonwealth promptly informed the trial court of this development by letter. The letter was sent to the court on July 22, 2014, less than a week after sentencing. Dinello then filed a post-sentence motion. At the hearing on the motion, the trial court realized that the sentence could not remain as it was originally imposed because the jail could not certify that space was available to house Dinello. **See** 42 Pa.C.S. § 9762(b)(2)(i) ("The chief administrator of the county prison, or the administrator's designee, has certified that the county prison is available for the commitment of persons sentenced to maximum terms of two or more years but less than five years."). Therefore, the court imposed the same sentence as it had originally ordered, but required that the incarceration be spent in a state prison instead of a county jail.

Dinello contests the modification of his sentence primarily in reliance upon this Court's decision in **Commonwealth v. Nickens**, 923 A.2d 469 (Pa. Super. 2007). In that case, the appellant, after having violated his probation multiple times, received an aggregate sentence of twenty to seventy-two months in prison. **Id.** at 471. The appellant filed a post-sentence motion within ten days of the sentence. After the ten-day period expired, the Commonwealth filed a response to the post-sentence motion, as well as "new matter," in which the Commonwealth requested that the trial court increase the appellant's sentence. The trial court denied the appellant's motion, but granted the Commonwealth's request and increased the appellant's aggregate sentence. **Id.**

On appeal, we vacated the sentence and remanded for the trial court to reinstate the original sentence. We explained that a trial court cannot increase a sentence based only upon a defendant's post-sentence motion, because a trial court cannot raise issues (such as increasing a sentence) *sua sponte*. **Id.** at 472 (citing **Commonwealth v. Broadie**, 489 A.2d 218, 222 n.5 (Pa. Super. 1985)). In order for a trial court to increase a sentence, the Commonwealth must file its own post-sentence motion requesting as much. **Nickens**, 923 A.2d at 471-3. In **Nickens**, the Commonwealth raised the issue in "new matter" in an answer to the appellant's post-sentence motion, which was filed after the ten-day period in which post-sentence motions must be filed. **See** Pa.R.Crim.P. 720(A)(1). We noted that no authority existed that would permit the Commonwealth to raise new issues in such a

- 10 -

manner. However, in a footnote, we explained that, because the submission was untimely, we need not decide the issue of whether the response and "new matter" could be construed together as a post-sentence motion had they been filed within ten days. *Nickens*, 923 A.2d at 472 n.4.

*Nickens* undisputedly stands for the proposition that the only way in which a trial court can increase a sentence on post-sentence motions is by filing a timely post-sentence motion that requests such action. At first blush, it would seem that *Nickens* compels relief in this case, as Dinello contends. However, upon closer inspection, it becomes apparent that *Nickens* is distinguishable for one important reason: Dinello's sentence was not increased.

At the original sentencing hearing, the trial court imposed a sentence of fifteen to thirty months' incarceration. At the second hearing, the court imposed a sentence of exactly the same length. The only thing that changed was the location at which Dinello had to serve the sentence. In other words, the length of his sentence did not increase; it was only the place at which Dinello had to serve the sentence that changed. Nothing in *Nickens* indicates that "increase" means anything other than the length of the sentence. Presently, Dinello maintains that the sentence increased because he no longer is eligible for work release and will not enjoy the comforts of serving his sentence at a location close to his home and family. Dinello provides no cases from this Court, or any court, in support of such an expansive definition of "increase." *Nickens* provides no support for the

- 11 -

notion that changing the place of incarceration is the same as increasing the length of the sentence. Finally, although not dispositive, it is worth noting that the modification in the sentence made Dinello eligible for the RRRI program, meaning that the date at which he is eligible for release is three months shorter than it was in his original sentence. Arguably, the duration of his sentence may actually have decreased, not increased.

For these reasons, we detect no errors or abuses of the court's discretion when it modified Dinello's sentence. Simply put, the court did not increase the sentence, and, therefore, **Nickens** does not apply here.[2]

Dinello's next argument is entirely dependent upon his first. Dinello contends that the trial court erred by abandoning its original grant of work release. Work release is only an option when the defendant is sentenced to serve a term of incarceration in a county jail. **See** 42 Pa.C.S. § 9813(a) (providing that a person who is sentenced to serve a jail term of less than five years in a county jail may be approved for work release). Because we have concluded above that the modification from a county jail sentence to a

---

[2] Notably, like the Court in **Nickens**, we need not decide whether the Commonwealth's July 22, 2014 letter could be construed as a post-sentence motion. However, we note that, unlike the pleading in **Nickens**, the Commonwealth's letter here was submitted within ten days of the date of sentence.

state sentence was not erroneous or an abuse of discretion, this argument necessarily fails as well.[3]

In his second issue, Dinello contends that the trial court "abused its discretion by imposing an excessive and unreasonable aggregate sentence **by running the sentences for each count consecutive to one another**." Brief for Dinello at 33 (emphasis added). We have highlighted this particular portion of Dinello's statement of his argument because it differs significantly from the argument that he suggested as presenting a substantial question in his Rule 2119(f) statement. In that statement, Dinello argued only that his sentence was excessive and was imposed without consideration for his rehabilitative needs. However, in the argument section of his brief, Dinello's principal claim is that the trial court abused its discretion by imposing consecutive, rather than concurrent sentences, with the above-highlighted portion being only one example of many such assertions. Dinello did not include any discussion in his Rule 2119(f) statement about whether that aspect of his sentence constitutes a substantial question. Thus, we lack jurisdiction to review this issue.

---

[3] Dinello makes a third challenge to his sentence. He maintains that the trial court abused its discretion by rejecting his request to have the sentence modified from incarceration to intermediate punishment. However, as noted earlier, Dinello has not demonstrated that this argument constitutes a substantial question. *See* *supra* at 7. Consequently, we lack jurisdiction to review this issue.

In his third issue, Dinello contests the trial court's restitution award, maintaining that the amount was not supported by the evidence of record. "[R]estitution is not simply an award of damages, but, rather, a sentence." *Commonwealth v. C.L.*, 963 A.2d 489, 494 (Pa. Super. 2008) (citation omitted). "An appeal from an order of restitution based upon a claim that the restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing." *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010) (citing *Commonwealth v. Redman*, 864 A.2d 566, 569 (Pa. Super. 2004)). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Atanasio*, 997 A.2d at 1183 (quoting *Commonwealth v. Hughes*, 986 A.2d 159, 160 (Pa. Super. 2009)).

> It is the Commonwealth's burden of proving its entitlement to restitution. *Commonwealth v. Boone*, 862 A.2d 639, 643 (Pa. Super. 2004) (stating that the amount of restitution must be supported by the record). When fashioning an order of restitution, the lower court must ensure that the record contains the factual basis for the appropriate amount of restitution. *Commonwealth v. Pleger*, 934 A.2d 715, 720 (Pa. Super. 2007). The dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. *Id.* The amount of the restitution award may not be excessive or speculative. *Commonwealth v. Rush*, 909 A.2d 805, 810 (Pa. Super. 2006). It is well-settled that "[a]lthough it is mandatory under [18 Pa.C.S. § 1106(c)] to award full restitution, it is still necessary that the amount of the 'full restitution' be determined under the adversarial system with considerations of due process." *Commonwealth v. Ortiz*, 854 A.2d 1280, 1282 (Pa. Super. 2004).

*Atanasio*, 997 A.2d at 1183 (citation modified).

After hearing testimony and receiving evidence at sentencing from both parties, the trial court calculated restitution for the theft of the dental implants (which were the items that Dinello stole) to be $84,550. Dinello contends that this total was inaccurate because the trial court "ignored the record evidence and issued a restitution amount based on inaccurate numbers, and which failed to consider the nature of the dispute regarding the business partnership at issue." Brief for Dinello at 37. Dinello further maintains that the trial court arbitrarily used a value of $475 for each dental implant that he stole, instead of $239, which Dinello maintains was the actual cost when they were purchased in bulk. Ultimately, Dinello asserts that the restitution award "bears no relationship to the alleged harm caused to" Dinello's dental partner.

In large part, Dinello's argument amounts to a plea to this Court to reweigh the testimony that the trial court received in his favor. We will not do so.

At the sentencing hearing, because no formal audit was performed, both parties presented their own witnesses regarding the amount. However, no one could provide a specific and accurate amount of loss to the victim. The court first had to determine how many dental implants actually were stolen. The victim, Dinello's dental partner, testified that 210 implants were stolen. However, the practice that was the recipient of Dinello's stolen goods indicated that it had received 192 implants. Each party also

submitted exhibits and documentation for the court's review. Dinello submitted an exhibit which indicated that 178 implants were at issue.

From the testimony and documentation, the Commonwealth maintained that 223 implants were stolen. Dinello maintained that the correct number was 178. Initially, the trial court indicated that it would split the difference between the numbers, and calculate restitution based upon 185 stolen implants. However, later, to be as fair and accommodating to Dinello as possible, the trial court agreed to use Dinello's proffered number of 178. Thus, that portion of the court's restitution order undoubtedly was supported by the record evidence.

The court and the parties struggled with how much each implant was worth. Dinello argued that, because no one had submitted a precise value, determining the cost per implant was impossible. The court noted that the parties had submitted a range of values through the testimony and the exhibits. The low end of the range was approximately $239, which represented a discounted bulk price that Dinello had paid for some of the implants, but was not necessarily an accurate reflection of the value of each implant because each would have been sold at a higher value. Other documentation set the value between $422 to $612. The court believed that the high end of the range was too high. Ultimately, the court settled on $475 per implant, which was near the median of the range and fell within the ranges produced by the parties.

The trial court then multiplied the $475 by 178 implants, and set restitution at $84,550. As we explained, the number was supported by the evidence, and the Commonwealth met its restitution burden.

In his final argument, Dinello maintains the trial court failed to rule upon his motion to strike restitution. Dinello recognizes that, pursuant to Pa.R.Crim.P. 720(b)(3)(c), if a judge does not rule upon a post-sentence motion, that motion is denied automatically at the expiration of one hundred and twenty days by operation of law. Dinello nonetheless maintains that the clerk of courts never entered an order confirming that the motion was denied. However, Dinello does not explain what, if any, remedy would be available for such a misstep by the trial court or the clerk of courts, and has not shown that he is entitled to an specific relief. More importantly, Dinello was not denied review of his challenge to the restitution, and, for the reasons set forth above, that challenge is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2015