J-S33021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN MCFARLAND | : | |
| | : | |
| Appellant | : | No. 498 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 9, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004150-2021

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED:  December 4, 2023**

Shawn McFarland (Appellant) appeals from the judgment of sentence imposed on March 9, 2022, in the Allegheny County Court of Common Pleas after the trial court granted his post-sentence motion, and vacated his original sentence.  Appellant argues his due process rights were violated when the trial court doubled his original sentence absent any post-sentencing conduct or new information justifying the increase.  For the reasons below, we agree the trial court had no authority to increase Appellant's aggregate sentence under the facts presented herein, and remand for reinstatement of the original sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

On November 9, 2021, Appellant entered a guilty plea to one count each of criminal mischief and possession of controlled substances (cocaine).[1] We derive the following facts underlying Appellant's plea from the affidavit of probable cause attached to the criminal complaint. *See* Police Criminal Complaint, 4/17/21, Affidavit of Probable Cause at 1-3. On April 16, 2021, at approximately 11:30 p.m., Pittsburgh police officers were dispatched to Butler and Main Streets after an anonymous caller informed them that an individual was slashing tires. *See id.* at 2. A second caller stated that the individual, later identified as Appellant, went into a nearby bar and was bleeding from a cut on his hand. *Id.* When the officers arrived, two witnesses told them that Appellant was crossing the street and was in possession of a knife. *Id.* The officers then saw Appellant throw something near a dumpster. *Id.* Appellant initially resisted arrest, but subsequently relented. *See id.* When they placed him under arrest, the officers noticed cuts on two of Appellant's fingers. *Id.*

Upon a search of the area, officers recovered a folding knife with fresh, undried blood, and a clear plastic baggie of cocaine. *See* Affidavit of Probable Cause at 2. The witnesses told police they "heard the sound of air being released from a vehicle tire" and watched Appellant "walk down the street with a knife" before leaning against a car "as if to stab the tire[.]" *Id.* The officers determined that "there were approximately 23 cars with tires

---

[1] *See* 18 Pa.C.S. § 3304(a)(5); 35 P.S. § 780-113(a)(16).

slashed." *Id.* at 3. They also learned that Appellant had "an active arrest warrant out of the United States Marshal['s S]ervice." *Id.* at 2.

Appellant was subsequently charged with criminal mischief as a third-degree felony, possession of controlled substances, possession of an instrument of crime, possession of a weapon, simple assault, and loitering and prowling at night.[2] As noted above, on November 9, 2021, Appellant pled guilty to one count each of criminal mischief and possession of cocaine, in exchange for which the Commonwealth agreed to amend the criminal mischief charge to a second-degree misdemeanor,[3] and withdraw the remaining charges. *See* N.T., 11/9/21, at 2. The trial court ordered a presentence investigation report (PSI) and scheduled sentencing for February 14, 2022.

At the February 14th hearing, Appellant's counsel argued that Appellant was "exceptionally remorseful for the inconvenience" he caused both the police and the victims, and insisted Appellant "was not himself that night[.]" N.T., 2/14/22, at 4. He attributed Appellant's behavior to depression and mental health struggles, noting that at the time of the incident, Appellant was transitioning from one mental health medication to another. *Id.* Counsel

---

[2] *See* 18 Pa.C.S. §§ 907(a), (b), 2701(a)(3), and 5506, respectively.

[3] Criminal mischief is graded as a third-degree felony if, *inter alia*, the defendant "intentionally causes pecuniary loss in excess of $5,000[,]" but is graded as a second-degree misdemeanor if the loss is "in excess of $1,000[.]" 18 Pa.C.S. § 3304(b). Here, despite the amended grading, Appellant was directed to pay $5,005.18 in restitution to 13 victims. *See* Order of Sentence, 2/14/22 at 1 (unpaginated).

acknowledged that, on the night of his arrest, Appellant tested positive for numerous drugs — including ecstasy, marijuana, methamphetamines, PCP, cocaine — and alcohol. ***See id.*** at 11. However, while Appellant was an admitted marijuana user, and pled guilty to possession of cocaine, he maintained that "he did not ingest . . . the various cocktail" of drugs in his system. ***Id.*** at 11-12. Counsel noted that Appellant's "last case was almost 15 years" earlier, when he received a "significant federal sentence for a case . . . with a firearm."[4] ***Id.*** at 10, 12. He further stated that because Appellant was on supervised release at the time of this offense, he would "likely" receive a "12- to 18-month violation with the federal government." ***Id.*** at 12-13.

Both Appellant's mother and father testified that Appellant was a "changed person" since his federal prison stint. ***See*** N.T., 2/14/22, at 6, 8-9. Appellant apologized, asked the trial court for leniency, and claimed he did not "knowingly ingest those substances[,]" admitting only that he was drinking and smoking marijuana. ***Id.*** at 13.

At the conclusion of the hearing, the trial court indicated that it had reviewed the PSI, and considered the statements of Appellant, his mother,

---

[4] According to the PSI, in December of 2009, Appellant pled guilty in federal court to one count of possession of a firearm by a convicted felon, and, in March of 2010, was sentenced to 100 months' imprisonment. ***See*** Appellant's Presentence Report, 1/15/22, at 8. He was released under supervision in June of 2017, and then reincarcerated in December of 2017. ***Id.*** Appellant was then released on October 9, 2019, and serving a period of 23 months' supervised release when he committed the instant offenses in April of 2021. ***See id.***

and his father. *See* N.T., 2/14/22, at 15. The court then sentenced Appellant to two concurrent terms of one to two years' imprisonment, one for each count, and directed him to pay a total of $5,005.18 in restitution to 13 victims.[5] *See id.* at 15-16; Order of Sentence, 2/14/22, at 1-2 (unpaginated). Although the court noted that the sentence for the drug offense was within the standard range, it did not indicate where the criminal mischief sentence fell within the sentencing guidelines. *See* N.T., 2/14/22, at 15-16.

On February 23, 2022, Appellant filed a timely post-sentence motion for modification of sentence, asserting that the sentence imposed for criminal mischief was "not only an aggravated range sentence, but the statutory maximum."[6] *See* Appellant's Post-Sentence Motion for Modification of Sentence, 2/23/22, at 2 (unpaginated). He stated the sentencing guidelines called for a standard range sentence of one to nine months' imprisonment, and 12 months in the aggravated range. *See id.* Appellant argued the court did not state reasons on the record justifying an aggravated range sentence for his conviction of criminal mischief and failed to consider relevant mitigating sentencing criteria. *See id.* at 2-3.

_____

[5] The Commonwealth later clarified that "while 23 total victims were impacted, it was only 13 that came forward to seek restitution[.]" *See* N.T., 3/30/22, at 7.

[6] *See* 18 Pa.C.S. § 1104(2) (statutory maximum for second-degree misdemeanor is two years' imprisonment).

On March 3, 2022, the trial court entered an order granting Appellant's motion for modification, vacating the judgment of sentence, and scheduling a new sentencing hearing for March 9, 2022. *See* Order, 3/3/22. Both Appellant and the Commonwealth filed memoranda prior to the resentencing hearing. In its memorandum, the Commonwealth acknowledged that the trial court failed to state reasons on the record supporting an aggravated range sentence for criminal mischief, but insisted there were "several aggravating factors available[.]" *See* Commonwealth's Response to [Appellant's] Memorandum in Support of Sentencing, 3/9/22, at 3.

At the March 9, 2023, resentencing hearing, the trial court stated that it reviewed the PSI prior to sentencing, and "considered all the facts[,]" including "the applicable sentencing guidelines in this case." N.T., 3/9/22, at 3, 5. The court then asked, "What have I missed?" *Id.* at 5. When Appellant's counsel responded that a court must provide a factual basis to deviate from the guidelines, the trial court asked, "Did I deviate from the guidelines?" *Id.* at 6. After briefly discussing the sentencing guidelines, the trial court commented: "So I sentenced him to three months more than the standard range? Is that your argument? And I didn't give reasons?" *Id.* Appellant's counsel responded, "Correct." *Id.*

The Commonwealth argued the court's sentence was appropriate and noted that it had "outlin[ed] a few different factors" in its memorandum that would be considered "aggravators[,]" including: (1) Appellant was on federal supervised release at the time of the crime; (2) Appellant possessed a

weapon, namely a knife, during the crime; and (3) the crime greatly impacted the community as there were 13 victims. *See* N.T., 3/9/22, at 7-9. The Commonwealth requested the court reimpose the same sentence. *Id.* at 7.

Appellant's counsel, however, requested the court impose two concurrent terms of 6 to 12 months' imprisonment, citing the following mitigating factors: (1) Appellant was transitioning mental health medications and therapy at the time of the offense; (2) Appellant has the support of his family; (3) Appellant was working prior to the crime and was very remorseful; (4) Appellant's last offense occurred in 2007; (5) although Appellant had prior drug convictions, they were not for the type of drugs found in his system on the night in question, so he believed "his drink was spiked[;]" and (6) Appellant was facing a "12 to 18 month . . . federal hit for his parole violation." *Id.* at 11-12.

After further argument by both counsel, the trial court noted that it had "reread and re-evaluated the contents of the" PSI, and made the following comments before imposing sentence:

I have considered the statements made by [Appellant] today.

I have considered the arguments of Counsel. I have considered the specific argument of Defense Counsel that claims there should be mitigation in this case.

I have considered all other factors that I may take into account, as well as the contents of the Motion to Modify the Sentence that originally was imposed in this case filed by [Appellant].

I have also considered the Commonwealth's response to that Motion in support of sentencing, that it appears that I may

have overlooked aggravating factors by not specifying them on the record at the previous sentencing.

One of which, the Commonwealth argues that the commission of additional criminal activity while on federal supervised release, rather than a mitigating factor or circumstance.

The inconvenience that this must have caused the number of victims in this case, although they only charged as one particular Count, Criminal Mischief.

The amount of damage. The extent of damage. The number of individual victims that were affected by [Appellant's] actions.

For all those reasons, . . . at Count 1, [criminal mischief,] this case warrants, if any that I have come across, an upward departure from the standard range of the sentencing guidelines, and my sentence for [Appellant] is not less than one or more than two years in a State Correctional Facility[.]

*    *    *

Additionally, at Count 6, [possession of cocaine, Appellant] is sentenced to not less than one nor more than two years in a State Correctional Facility[.]

This sentence shall be served **consecutive** to the sentence I just imposed at Count 1. . . .

N.T., 3/9/22, at 24-26 (emphasis added). Thus, the new aggregate sentence was double the original sentence imposed. The court also reimposed the order of restitution. **See** Order of Sentence – Resentencing, 3/9/22, at 1 (unpaginated).

On March 21, 2022, Appellant filed a second, timely post-sentence motion,[7] arguing that the increased sentence imposed by the trial court upon

_____

[7] Although this motion was filed 12 days after sentencing, the 10th day fell on Saturday, March 19, 2022; thus, Appellant had until Monday, March 21st to
*(Footnote Continued Next Page)*

resentencing raised a presumption of vindictiveness. *See* Appellant's Post-Sentence Motion for Modification of Sentence, 3/21/22, at 3. Further, Appellant insisted that the court did not increase the sentence based upon new information or "identifiable conduct of" Appellant occurring after the original sentencing hearing. *Id.* at 4 (citation omitted). Therefore, he, once again, requested the court vacate the judgment of sentence, and resentence him to two concurrent terms of six to 12 months' imprisonment. *See id.* at 5. The trial court scheduled a hearing for March 30, 2022.

At the second post-sentence hearing, Appellant argued the court "doubl[ed]" his sentence absent any additional factors. *See* N.T., 3/30/22, at 3. The trial court, however, stated that it did not "double his sentence[,]" but rather "sentenced him consecutively." *Id.* Moreover, the court explained that, when imposing the original sentence, it "underestimated or understated . . . the impact" of the crime on the victims. *Id.* When Appellant's counsel argued that an increased sentence must be based on "new objective information," the court stated it was "a sentencing de novo" so that it was permitted to "[s]tart over[.]" *Id.* at 4. The Commonwealth agreed, noting that "there were aggravating factors that maybe were missed prior" and

---

file a timely post-sentence motion. *See* Pa.R.Crim.P. 720(A)(1) (post-sentence motion must be filed within 10 days of imposition of sentence); 1 Pa.C.S. § 1908 (when last day of time computation falls on weekend or holiday, that day is omitted from computation).

Appellant's request for resentencing "essentially opened the door for [the court] to reconsider." *Id.* at 5.

The trial court emphasized that Appellant "already had some mitigation" because the Commonwealth charged only one count of criminal mischief, when it could have charged 13 separate counts. N.T., 3/20/22, at 8. The court further explained that it previously "overlooked the gravity and scope of the impact on the victims." *Id.* *See also id.* at 10 ("I made a mistake the first time. I underestimated the impact on the victims."). Thus, the trial court denied Appellant's post-sentence motion. *See* Order, 3/30/22. This timely appeal follows.[8]

Appellant presents one issue for our review:

Were Appellant['s] due process rights, under the Fourteenth Amendment to the United States Constitution and Article 1 § 9 of the Pennsylvania Constitution, violated when the trial court in his case increased the one-to-two year aggregate sentence of imprisonment imposed on him on February 14, 2022[,] to a two-to-four year sentence, doing so after he filed a post-sentence motion seeking a reduction in his sentence, and doing so absent the presentation of any information at the resentencing hearing showing relevant post-sentence conduct on his part, or post-sentence events relevant to his case, that justified such an increase?

Appellant's Brief at 4.

Preliminarily, we note that in the past this Court has considered a claim asserting judicial vindictiveness in resentencing to be a challenge to the

_____

[8] Appellant complied with the trial court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

- 10 -

discretionary aspects of sentencing.[9] ***See Commonwealth v. Watson***, 228 A.3d 928, 934 (Pa. Super. 2020); ***Commonwealth v. Barnes***, 167 A.3d 110, 122 (Pa. Super. 2017) (*en banc*). However, more recent decisions of both the Pennsylvania Supreme Court and this Court consider such a claim to challenge the legality of sentencing. ***See Commonwealth v. Prinkey***, 277 A.3d 554, 567-68 (Pa. 2022) (appellant's claim that "resentencing court lacked authority to extend his term of incarceration beyond the length of the original sentence because . . . no event occurred between the two sentencing hearings that could (or would) have justified the imposition of a lengthier sentence" challenged legality of sentence);[10] ***Commonwealth v. Coleman***, 226 A.3d

---

[9] It merits mention Appellant treated this claim as a challenge to the discretionary aspects of sentencing, by raising it in a post-sentence motion, filing a timely appeal, and including in his brief a Pa.R.A.P. 2119(f) statement of reasons relied upon for allowance of appeal to invoke this Court's jurisdiction. ***See*** Appellant's Post-Sentence Motion for Modification of Sentence, 3/21/22, at 3; Appellant's Brief at 22-24. ***See also Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*).

[10] We note that the facts in ***Prinkey*** were somewhat distinguishable. In that case, the defendant obtained PCRA relief from this Court, which concluded that appeal counsel was ineffective for failing to challenge the sufficiency of the evidence supporting one of the defendant's convictions. ***Prinkey***, 277 A.3d at 557. On remand for resentencing, "the Commonwealth for the first time notified [the defendant] that it was seeking" a 25-year mandatory minimum sentence for one of the remaining convictions. ***Id.*** Over objection, the trial court imposed the mandatory minimum sentence, opining that it "lacked discretion to do otherwise." ***Id.*** at 558 (citation omitted). Thus, the ***Prinkey*** Court stated that the defendant's claim "turn[ed] upon the **Commonwealth's** allegedly vindictive decision to seek the mandatory minimum, which by its very nature purported to strip the trial court of its traditional sentencing authority." ***See id.*** at 567 (emphasis added). *(Footnote Continued Next Page)*

598, 602 (Pa. Super. 2020) (claim that court was not permitted to "*sua sponte* increase a defendant's sentence where it . . . decided the original sentence imposed was too lenient" challenged legality of sentencing).  Therefore, "[o]ur standard of review . . . is *de novo* and our scope of review is plenary." **Commonwealth v. Asbury**, 299 A.3d 996, 998 (Pa. Super. 2023).

In his sole claim on appeal, Appellant contends his due process rights were violated when the trial court imposed an increased aggregate sentence following his request for post-sentence relief absent any post-sentence conduct or information justifying the increase.  **See** Appellant's Brief at 25.

As this Court, sitting *en banc* in **Barnes**, explained:

> When a due process violation is raised regarding resentencing, this court must satisfy itself that an increase in a sentence is not the result of judicial vindictiveness. **See Commonwealth v. Walker**, . . . 568 A.2d 201 ([Pa. Super.] 1989), *disapproved of on other grounds by Commonwealth v. Robinson*, 931 A.2d 15, 20–22 (Pa. Super. 2007) (*en banc* ).  In **North Carolina v. Pearce**, 395 U.S. 711 . . . (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 . . . (1989), the United States Supreme Court remarked:
>
>> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.  And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of

_____

Nonetheless, as quoted above, the **Prinkey** Court characterized the claim as challenging the trial court's authority to impose an increased sentence upon resentencing absent additional events or facts occurring between the two sentencing hearings to justify the increase.  **See id.** at 567-68.

apprehension of such a retaliatory motivation on the part of the sentencing judge.

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. **Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding**. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Pearce*, 395 U.S. at 725–26 . . . (footnote omitted) (emphasis added). Although *Pearce* dealt with an increased sentence following the grant of a new trial, we have held that *Pearce*'s rationale for providing reasons on the record applies also when the original sentence is vacated and a second sentence is imposed without an additional trial. *See Commonwealth v. Greer*, . . . 554 A.2d 980, 987 n.7 ([Pa. Super.] 1983) (noting that *Pearce* applies to harsher sentence imposed by trial court after trial court granted post-trial request for resentencing). Thus, under *Pearce*, whenever a trial court imposes upon a defendant a more severe sentence following resentencing, the reasons for such sentence must be made a part of the record. "Absent evidence [that] a sentencing increase is justified due to objective information concerning a defendant's case, the presumption of vindictiveness cannot be rebutted." *Commonwealth v. Serrano*, 727 A.2d 1168, 1170 (Pa. Super. 1999).

*Barnes*, 167 A.3d at 123–24 (some emphases omitted and some added; footnotes omitted).

In *Prinkey*, our Supreme Court elaborated on the continued vitality of *Pearce*'s presumption of vindictiveness in light of the High Court's subsequent decision in *Smith*. The Court explained that, while the *Smith* Court held "the *Pearce* presumption does not apply in **every** case where a convicted defendant receives a higher sentence on retrial[,]" it still "persists unless some

event occurs after the successful appeal . . . which provides the court with a greater amount of sentencing information." *Prinkey*, 277 A.3d at 565 (citations & quotation marks omitted; emphasis added).

> Thus, the *Pearce* presumption will not apply when the resentencing that results in a higher sentence follows some **post-appeal occurrence** that makes it likely that the court obtained **new details** about the defendant's moral character and suitability for rehabilitation. Where no such event occurs, yet the defendant's new sentence is higher than the original sentence, the *Pearce* presumption applies with full vigor. And when it does, it acts as a prophylactic measure that forbid[s] . . . the imposition of a greater punishment than was imposed after the first trial, absent specified findings.

*Id.* (citations & quotation marks omitted; emphases added).

Turning to the present matter, Appellant insists the presumption of vindictiveness applies in his case because his "aggregate sentence was increased by the same judge who [ ]sentenced him originally, with the increase following in the wake of [his] submission of a post-sentence motion." Appellant' Brief at 29. Although the trial court cited certain facts in support of the increased sentence — such as the number of victims and Appellant's prior criminal record — Appellant emphasizes that those facts were already known to the court at the time of the original sentencing hearing. *See id.* at 32-34. Indeed, as he points out, none of the aggravating facts refer to "conduct on the part of [Appellant] occurring **after** . . . the original sentencing proceeding[, or] relevant . . . events that occurred **subsequent** to the original sentencing proceeding." *Id.* at 32-33 (citations omitted). Accordingly, Appellant argues the presumption of vindictiveness was unrebutted, and requests that we

vacate the judgment of sentence and reinstate the original sentence imposed on February 14, 2022.[11]  ***See id.*** at 35.

At the March 30, 2022, hearing on Appellant's second post-sentence motion, the trial court justified its decision to increase the aggregate sentence based on the following:  (1) the re-sentencing was *de novo* so the court could "[s]tart over[,]" and (2) the court realized it had "overlooked the gravity and scope of the impact on the victims" when it imposed the original sentence.  ***See*** N.T., 3/30/22, at 4, 8.  In its opinion, the trial court simply details the factors which it believes supports the lengthier sentence imposed.  ***See*** Trial Ct. Op., 12/1/22, at 4-5 (explaining that at the time of the offense, Appellant was on federal supervised release, was under the influence of a "veritable cocktail of miscellaneous controlled substances[,]" was armed with a knife which he used to randomly slash tires and wielded in a menacing fashion at witnesses, engaged in a "senseless rampage . . . that affected nearly a dozen property owners[,]" and fled from police when confronted).

In support of the new sentence, the Commonwealth urges this Court to "take[ the trial court] at its word about misapprehending the record" and not permit Appellant "a windfall of a reduced sentence based upon the [t]rial [c]ourt's admitted mistake . . . regard[ing] the number of victims and impact on the community of his criminal actions."  Commonwealth's Brief at 42.

---

[11] Appellant "has abandoned any claim that the original one-to-two year sentence of imprisonment imposed upon him on February 14, 2022 was too harsh[.]" Appellant's Brief at 36.

Indeed, it insists that because the trial court "articulated a reason for the new sentence that was not vindictive[,]" we should conclude the court rebutted the presumption of vindictiveness. *Id.* at 49.

Upon our review of the record and relevant case law, we conclude that the presumption of vindictiveness was not overcome in this case, and we are constrained to vacate the judgment of sentence and remand for imposition of the original sentence. This Court's decisions in *Coleman* and *Commonwealth v. Nickens*, 923 A.2d 469 (Pa. Super. 2007), are controlling.

In *Nickens*, the trial court sentenced the defendant to an aggregate term of 20 to 72 months' imprisonment after revocation of his probation at three dockets. *Nickens*, 923 A.2d at 471. The defendant filed a motion to modify his sentence, and, in response, the Commonwealth filed "an answer" with "[n]ew [m]atter[,]" requesting the court **increase** the defendant's sentence. *Id.* The Commonwealth did not file a separate post-sentence motion. Two months later, the trial court entered an order denying the defendant's post-sentence motion, and "simultaneously modif[ying] the sentence upward" based upon "the reasons enumerated in the Commonwealth's answer." *Id.* (record citation & quotation marks omitted).

On appeal, this Court vacated the new sentence and remanded for reinstatement of the original sentence. *See Nickens*, 923 A.2d at 472. We determined that the trial court had no authority to increase the defendant's sentence absent a post-sentence motion filed by the Commonwealth seeking

- 16 -

such relief, and that the Commonwealth's answer and new matter was not "an equivalent to a post-sentence motion." *See id.* at 472. Thus, the *Nickens* panel opined "the sentencing court had no basis on which to impose a harsher sentence" and the court erred when it "essentially increased [the] sentence *sua sponte*[.]" *Id.*

The *Coleman* Court relied upon the ruling in *Nickens* to conclude that the trial court in that case erred by increasing the defendant's sentence under facts similar to those presented in this appeal. In *Coleman*, the defendant was convicted of burglary, criminal contempt for violating a protection from abuse (PFA) order, and related charges following a bench trial. *Coleman*, 226 A.3d at 600. At the August 23, 2018, sentencing hearing, after consideration of the PSI, the trial court sentenced the defendant to an aggregate term of 12 to 24 months' imprisonment, followed by two years' probation. *Id.* at 601. The defendant filed a timely post-sentence motion seeking reconsideration of his sentence. *Id.* No post-sentence motion was filed by the Commonwealth.

On August 30, 2018, the trial court conducted a hearing on the defendant's motion. *Coleman*, 226 A.3d at 601. The court pointed out that between the time of the conviction and original sentencing, the defendant "pleaded guilty to violating the PFA order again." *Id.* The court then stated "that after the original sentencing, he 'went home and thought to [himself], [he] may have done the wrong thing and gave too many breaks and that [he] didn't take enough seriousness [*sic*] of the domestic violence.'" *Id.* (record

- 17 -

citation omitted). Consequently, the court re-sentenced the defendant to a term of 14 to 28 months' incarceration, followed by four years' probation — an increase of two months to the minimum sentence, four months to the maximum sentence, and two additional years of probation. *Id.* After a second post-sentence motion was denied by operation of law, the defendant filed an appeal to this Court. *See id.* at 602.

First, the *Coleman* panel emphasized three facts that were not in dispute:

> 1) the Commonwealth did not request a modification of [the defendant's] sentence, either in writing pursuant to Pa.R.Crim.P. 721 or orally at the hearing; 2) the trial court was not correcting a patent or obvious mistake in [the defendant's] original sentence; and 3) the original sentence imposed upon [the defendant] was not illegal.

*Coleman*, 226 A.3d at 602 (footnotes omitted). Next, the panel reviewed the *Nickens* decision, and concluded the defendant's "situation [was] virtually indistinguishable[.]" *Id.* at 603. The *Coleman* Court opined:

> [D]espite the fact the Commonwealth did not file a post-sentence motion, the trial court *sua sponte* reconsidered its sentence and increased [the defendant's] sentence. Pursuant to Pa.R.Crim.P. 720, Pa.R.Crim.P. 721,[12] and *Nickens*, the trial court was without authority to do so. . . .

*Id.* at 603-04.

---

[12] Pa.R.Crim.P. 720 and 721 set forth the procedures for filing post-sentence motions, including the requirement that a motion must be filed within 10 days of imposition of sentence. *See* Pa.R.Crim.P. 720(A)(1) (defendant must file post-sentence motion within 10 days); 721(B)(1) (Commonwealth must file motion for modification of sentence within 10 days).

The facts of this case are indistinguishable from those in **Coleman**. Here, on February 14, 2022, the trial court sentenced Appellant to an aggregate term of one to two years' imprisonment. Thereafter, **Appellant** filed a post-sentence motion for modification of his sentence. The Commonwealth did **not** file a motion for modification, and, in fact, during the March 9th hearing, asked the trial court to "reimpose the sentence [it] did originally." N.T., 3/9/22, at 7. However, despite the absence of any new evidence, or post-sentencing conduct on the part of Appellant, the trial court reconsidered its prior sentence and, *sua sponte*, imposed an increased aggregate term of imprisonment. Pursuant to **Coleman** and **Nickens**, the trial court had no authority to do so. **See Coleman**, 226 A.3d at 603-04; **Nickens**, 923 A.2d at 472.

The Commonwealth attempts to distinguish **Coleman** by arguing that the trial court in the present case misapprehended the record, while the court in **Coleman** "simply decided that [the] original sentence was too lenient[.]" Commonwealth's Brief at 31. We conclude this is a distinction without a difference. The information the trial court relied upon to justify an increased aggregate sentence in this case was part of the record at the original sentencing hearing. Indeed, both the affidavit of probable cause[13] and the

---

[13] At the November 9, 2021, guilty plea hearing, the trial court explicitly stated that it had "read the affidavit of probable cause" and asked Appellant's counsel if he had "any objection to incorporating that into the record[,]" to which counsel replied, "No, Your Honor." **See** N.T., 11/9/21, at 4.

PSI provide detailed accounts of the events on the night in question. The affidavit of probable cause indicates that "there were approximately 23 cars with tires slashed[,]" and the PSI lists the 13 victims to whom Appellant owed restitution. *See* Affidavit of Probable Cause at 3; Appellant's Presentence Report at 4. In addition, the PSI enumerates Appellant's six prior convictions, and details the circumstances surrounding his federal supervised release, including the fact that his release had been revoked on another prior occasion. *See* Appellant's Presentence Report at 8. Therefore, we conclude the trial court's justification for the increased sentence — that it simply "overlooked the gravity and scope of the impact on the victims" at the original sentencing — is insufficient under *Coleman*.

We also emphasize that pursuant to *Pearce* and its progeny, in order to satisfy the requirements of due process and overcome the presumption of judicial vindictiveness, an increased sentence following resentencing "must be based upon objective information concerning identifiable conduct on the part of the defendant occurring **after** the time of the original sentencing proceeding[,]" or "**new** details about the defendant's moral character or suitability for rehabilitation[,]" *See Prinkey*, 277 A.3d at 565 (citation & quotation marks omitted); *Barnes*, 167 A.3d at 123 (emphasis added), *quoting Pearce*, 395 U.S. at 726. Here, the trial court did not rely upon any post-sentencing conduct by Appellant, or "**new** details about [Appellant's] moral character or suitability for rehabilitation[,]" to justify the imposition of an increased sentence. *See Prinkey*, 277 A.3d at 565 (citation & quotation

- 20 -

marks omitted). Thus, the trial court had no authority to impose the March 9, 2022, sentence.

Lastly, we note that neither the trial court nor the Commonwealth provide any authority for the court's assertion that it could impose an increased sentence because it was conducing a sentencing *de novo*. ***See*** N.T., 3/30/22, at 4. Rather, the case law is clear that ***Pearce*** and its progeny control.

Therefore, because we conclude the trial court's decision to increase Appellant's aggregate sentence upon his motion for modification, absent any request by the Commonwealth, raises a presumption of judicial vindictiveness which is not rebutted by evidence of post-sentencing conduct or new information supporting an increase, we are constrained to vacate the judgment of sentence imposed on March 9, 2022, and remand for the trial court to reinstate the sentence imposed on February 14, 2022.

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

President Judge Emeritus Bender joins this Memorandum.

President Judge Emeritus Stevens files a Dissenting Memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  12/4/2023