J-S40009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                     :            PENNSYLVANIA
                                                     :
                v.                            :
                                                     :
                                                     :
ROBERT CASTRO                        :
                                                     :
              Appellant                  :       No. 2239 EDA 2020

Appeal from the Judgment of Sentence Entered October 15, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004151-2018

BEFORE:  PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:           **FILED FEBRUARY 24, 2023**

Robert Castro appeals from the judgment of sentence entered after a jury found him guilty of Possession of an Instrument of Crime ("PIC"), Simple Assault, and Recklessly Endangering Another Person ("REAP"). The charges were based on allegations Castro stabbed Hector Pagan. On appeal, Castro claims the verdict was against the weight of the evidence and the original sentence was illegally increased. We find the weight of the evidence claim is without merit, however, we remand to the trial court for resentencing.

The essential factual background of this appeal is largely undisputed. Castro was involved in an argument with the mother of his child, Lena Ladson, regarding declaration of the child for tax purposes.  As the argument escalated, Pagan, a friend who was staying with Lena Ladson, intervened in the argument. A scuffle between Castro and Pagan ultimately ensued,

resulting in Castro stabbing Pagan in the stomach and leg. The factual disputes at trial revolved around how Castro obtained the knife and whether he was the aggressor. *See* Appellant's Brief, at 31 ("Indeed, the only defense raised at trial was that Mr. Castro acted in justified self-defense with respect to all charges. [Castro] testified that he stabbed [Pagan] and stipulated that serious bodily injury resulted.")

Castro was arrested and charged with Aggravated Assault, Simple Assault, PIC, and REAP. The jury found Castor not guilty of aggravated assault and guilty of the remaining charges. The trial court sentenced Castro to an aggregate term of forty to eighty months of confinement. Following a motion for reconsideration of sentence, Castro was resentenced to a new aggregate term of thirty-six to eighty-four months of confinement.

First, Castro argues that the guilty verdict was against the weight of the evidence. It is well established, "the weight attributed to the evidence is a matter exclusively for the fact finder, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." ***Commonwealth v. Hicks***, 151 A.3d 216, 223 (Pa. Super. 2016). The determination of whether to grant a new trial rests within the discretion of the trial court to find that the jury verdict shocked the conscience. ***See id.*** The trial court's role "is to determine that, notwithstanding all of the facts, certain facts are so clearly of greater weight, that to ignore them or to give them equal weight with all of the facts is to deny justice." ***Id.*** A mere conflict in the

testimony or reassessment of the credibility of witnesses are not sufficient foundation to grant a new trial. *See id.* "[T]he trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings" because the appellate court's review is extremely limited to determining if the trial court abused its discretion in determining whether the jury verdict shocked its conscience. *Id.* (citations omitted; brackets in original).

More specifically, on appeal, Castro claims that "[t]he jury's acquittal of Mr. Castro on the charge of aggravated assault could only have been premised upon a belief that Mr. Castro acted justifiably in self-defense." Appellants Brief, Castro bases his appeal on the alleged inconsistency of the jury's verdict, but the United States Supreme Court has held that "[c]onsistency in the verdict is not necessary." *Dunn v. United States,* 284 U.S. 390, 393 (1932). Pennsylvania courts agree that it is not considered a reversible mistake for a jury to reach verdicts that are seemingly inconsistent. *See Commonwealth v. Barnes*, 167 A.3d 110, 120 (Pa. Super. 2017). Inconsistent verdicts are allowed to stand "so long as the evidence is sufficient to support the conviction." *Commonwealth v. Miller*, 35 A.3d 1206, 1208 (Pa. 2012).

Courts have specifically addressed instances, like here, where a defendant was acquitted of aggravated assault but found guilty of simple assault: "[A]lthough simple assault is a lesser included offense in the crime of aggravated assault, the verdict acquitting appellant of the greater inclusive

offense does not conclusively establish that there was insufficient evidence to support a conviction for the lesser offense." *Commonwealth v. Irvin*, 393 A.2d 1042, 1045 (Pa. Super. 1978) (internal citations omitted). More recently, this Court has found arguing that Castro's argument "conflates two distinct charges, each of which has separate elements and intent requirements." *Commonwealth v. Lavalliere*, 1056 EDA 2014, 2016 (Pa. Super. 2016). Where verdicts have been alleged to be inconsistent, the Pennsylvania Supreme Court has "refuse[d] to inquire into or to speculate upon the nature of the jury's deliberations or the rationale behind the jury's decision." *Miller*, 35 A.3d at 1213. Therefore, our job is not to speculate as to why the jury found Castro not guilty of aggravated assault; instead, we must determine whether the trial court abused its discretion in not finding that the convictions were so against the weight of the evidence as to shock the conscience.

In that vein, the trial court explained that the verdict came down to an assessment of the credibility of competing stories:

> Even considering [Castro's] acquittal on Aggravated Assault and convictions on the remaining counts to be inconsistent, there is no appropriate basis for reversal on this ground. It was within the jury's sole prerogative to convict [Castro] of Simple Assault, PIC, and REAP. The record demonstrates that although there were testimonial conflicts, the jury conceivably could have accepted witness testimony that provided sufficient evidence to support [Castro's] convictions. [Pagan's] testimony, if accepted as true, established that he was defending Lena Ladson from [Castro] when he was stabbed twice with a knife by [Castro.] Lena Ladson's original statement given to Detective Lindsey, if accepted as true, established that she saw [Castro] holding a knife and stabbing [Pagan] in his ribs. [Castro's] claim is thus without merit and no relief is due on this ground.

- 4 -

Trial Court Opinion, 2/3/21, at 20.

Our review of the record reveals the trial court's summary of testimony is accurate. Further, we can find no abuse of discretion in its conclusions. While Castro and Pagan told different stories about the circumstances of their scuffle, Pagan's story was not beyond rational belief. As such, the jury was entitled to credit it. Castro's first issue on appeal merits no relief.

Next, Castro claims that he is entitled to resentencing because the trial court illegally increased his maximum sentence in granting his post-sentence motion. In its Pa.R.A.P. 1925(a) opinion, the trial court agreed with Castro and requested that we remand the case for resentencing:

> [Castro] first claims that the sentence this Court imposed on October 15, 2020[,] is illegal because this Court was without authority to impose an increased sentence because the Commonwealth did not file a post-sentence motion seeking modification of the sentence. In support of his claim, [Castro] states that the original aggregate sentence he received on September 23, 2020[,] was forty to eighty months of confinement, while the new aggregate sentence he received on October 15, 2020[,] was thirty-six to eighty-four months of confinement. This Court concurs with Appellant's claim that his new sentence is illegal.
> …
>
> [The trial court originally] sentenced [Castro] to an aggregate term of forty to eighty months of confinement, which include twenty to forty months of confinement for the Simple Assault charge. After [Castro] filed a post-sentence motion challenging that the sentence for Simple Assault charge exceeded the statutory maximum term of twenty-four months, [the trial court] resentenced to an aggregate term of thirty-six months to eighty-four months of confinement. This new sentencing scheme included a corrected sentence for the Simple Assault charge of twelve to twenty-four months of confinement. It also included a new

sentence of twenty-four to sixty months of confinement for the PIC charge, which marked an increase from the original sentence of twenty to forty months.

[The trial court] was within its rights to increase [Castro's] sentence on the PIC charge, as doing so was intended to preserve the integrity of the original aggregate sentence. At the resentencing hearing, both [the trial court] and [Castro's] counsel understood the new sentence to be a small increase in [Castro's] minimum term and a small decrease in [Castro's] maximum term…. However, upon further review, [the trial court] finds that it mistakenly increased [Castro's] maximum sentence from eighty months to eighty-four months, contrary to its understanding that [Castro's] maximum sentence had decreased. … Accordingly, [the trial court] requests that this matter be remanded for resentencing.

Trial Court Opinion, 2/3/21, at 16-18.

Moreover, the Commonwealth is not opposing Castro's request for resentencing. **See** Commonwealth's Brief, at 12.

We agree that Castro's maximum sentence was illegally increased and hereby remand to the trial for resentencing. **See Commonwealth v. Nickens**, 923 A.2d 469, 472 (Pa. Super. 2007) (holding that a sentencing court may not increase a sentence where only the defendant has filed a post-sentence motion to modify sentence); **see also Commonwealth v. Fennell**, 105 A.3d 13, 15 (Pa. Super. 2014) (holding proper action in instance where court imposed illegal sentence that alters entire sentencing scheme is to vacate sentence and remand for resentencing).

Convictions affirmed. Judgments of sentence vacated. Case remanded for resentencing on all counts. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2023