J-S02042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KRISTIN CARVAJAL | : | |
| | : | |
| Appellant | : | No. 3120 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013183-2015

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 12, 2021**

Appellant, Kristin Carvajal, appeals *nunc pro tunc* from the judgment of

sentence of 20 to 40 years' incarceration, imposed after she entered a non-

negotiated guilty plea to involuntary deviate sexual intercourse with a child

(IDSI), 18 Pa.C.S. § 3123(b), and conspiracy to commit IDSI, 18 Pa.C.S. §

903.  On appeal, Appellant challenges the discretionary aspects, and the

legality of, her sentence.  She also avers that her registration requirements

under Subchapter I of the Sexual Offender Registration and Notification Act

("SORNA II")[1] are unconstitutional.  **See** 42 Pa.C.S. §§ 9799.51-9799.75.

---

[1] In response to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017),
and **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), the
Pennsylvania General Assembly amended  the prior version of SORNA
("SORNA I") by  enacting Act 10 on February 21, 2018, and Act 29 on
June 12, 2018, which are collectively known as SORNA II.  **See** Act
of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"); Act of June 12, 2018,
*(Footnote Continued Next Page)*

After careful review, we vacate Appellant's judgment of sentence and remand for further proceedings.

The trial court set forth the facts of this case, as follows:

The complainant in this case, … is Appellant's biological daughter. On June 4, 2018, the Commonwealth presented[,] and Appellant pled guilty to[,] the following facts:

Your Honor[,] had the Commonwealth taken this case to trial, we would have shown that in the spring of 2010, when the [v]ictim … was 11 years old…[,] [s]he was residing with [Appellant] and her sister … in Philadelphia. She was walking one afternoon with [Appellant]. [Appellant] took a phone call and was speaking to the other party in Spanish. After [Appellant] hung up the phone, the two went home and [Appellant] asked [the victim] if she wanted to wear [Appellant's] night gown. [The victim] said sure, and [Appellant] produced what can only be described as pink lingerie.

[The victim] put that on and was just hanging out in the living room with [Appellant] and … [her sister], and then [the victim's] stepfather … came over[,] who was married to [Appellant].

At that point, [Appellant] … offered [the victim] some pills. [The victim] took those pills and she fell asleep. The next thing she remembers is … being picked up and carried into another room and being placed down on something that she described as soft. She then felt the top of her nightgown being pulled down and she [could] hear [Appellant's] voice next to her ear and her stepfather's voice[.] She felt a

_____

P.L. 140, No. 29 ("Act 29"). SORNA II now divides sex offenders into two subchapters: (1) Subchapter H, which applies to an offender who committed a sexually violent offense on or after December 20, 2012 (the date SORNA I became effective); and (2) Subchapter I, which applies to an individual who committed a sexually violent offense on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired, or whose registration requirements under a former sexual offender registration law have not expired.

sucking sensation on her breasts and she felt a licking sensation in her vagina, as what she described as something hard, and wet, and rough.

[Appellant]…, who had been sucking on [the victim's] breasts[,] switched positions with [the victim's stepfather], and … then [the stepfather] … sucked on [the victim's] breasts and [Appellant] licked inside her vagina.

At that point, [the victim] was able to push herself up. She ran in[to] the bathroom, … and [Appellant] came in a few minutes later and asked her if she was okay. [The victim] asked her mother where her underwear was. Her mother said[,] ["]I'll go get your underwear,["] … produced her underwear[,] and then [the victim] went and fell asleep.

Your Honor, as you heard, this all took place when [the victim] was 11 years old. Those [are] the facts on which we base this plea.

(N.T.[,] 6/4/18[,] at 8-10).

Trial Court Opinion (TCO), 8/10/20, at 3-4 (some brackets added by trial court).

On June 4, 2018, Appellant pled guilty to the above-stated offenses. There was no agreement as to the sentence she would receive. After the completion of a presentence investigation report (PSI) and a mental health evaluation, the court sentenced Appellant on September 28, 2018, to an aggregate term of 18 to 36 years' incarceration. Appellant filed a timely post-sentence motion, and a hearing was held on October 11, 2018. At the conclusion thereof, the court increased Appellant's sentence for conspiracy to commit IDSI, resulting in an aggregate term of 20 to 40 years' imprisonment. Additionally, based on Appellant's IDSI conviction, she is subject to lifetime registration as a Tier III offender under Subchapter I of SORNA. *See* 42

- 3 -

Pa.C.S. § 9799.55(b)(2)(i)(A) (stating that an individual will be subject to lifetime registration if convicted of any enumerated offense, including IDSI, that was committed "on or after April 22, 1996, but before December 20, 2012").

Appellant did not file a direct appeal. However, on November 28, 2018, she filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking, *inter alia*, the reinstatement of her appellate rights. On October 24, 2019, the court granted that aspect of Appellant's petition, and she filed a *nunc pro tunc* notice of appeal on October 31, 2019. Appellant thereafter complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the court then filed its Rule 1925(a) opinion. Herein, Appellant states two issues for our review:

> I. Is [A]ppellant entitled to a reduction in sentence because the trial court's sentence of 20 to 40 years in prison was an unconstitutional violation of due process, excessive[,] and an abuse of discretion?
>
> II. Is the sentence of the trial court of lifetime registration/reporting under … SORNA [II] illegal and unconstitutional because it is an *ex post facto* law and it violated … [A]ppellant's right to due process and her right to reputation under the State Constitution?

Appellant's Brief at 2.

Appellant's first issue challenges the discretionary aspects of her sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v.***

*Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)…. Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003)….

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal, and she has included a Rule 2119(f) statement in her appellate brief. Therein, Appellant claims, *inter alia*, that the court ignored certain mitigating factors, including that she took responsibility for her actions by pleading guilty, she had a low prior record score, she was also the victim of sexual assault, and she was physically abused by her ex-husband. Appellant further contends that the court improperly focused solely on the impact to the victim and the severity of Appellant's

criminal conduct, and that the court failed to impose a sentence consistent with the factors outlined in 42 Pa.C.S. § 9721(b). More specifically, she avers that the court ignored her rehabilitative needs by imposing a sentence that will keep Appellant incarcerated or on parole until she is 79 years old, which suggests that the court erroneously concluded that Appellant cannot be rehabilitated. Appellant also avers that the court's imposition of consecutive sentences was an abuse of discretion and resulted in a facially excessive sentence.

Appellant raised only one of these claims in her post-sentence motion, namely, her assertion that the trial court ignored the mitigating factors in this case. *See* Post-Sentence Motion, 10/3/18, at 1-2 (unnumbered). Thus, Appellant's other sentencing arguments are waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Griffin*, 65 A.3d at 936 ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted).

In regard to whether Appellant has presented a substantial question for our review, we have stated that "[a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question." *Moury*, 992 A.2d at 171 (citations omitted). However, here, Appellant claims that the court imposed an "aggregate

sentence [that] … was outside the guidelines and above the aggravated range of the sentence guidelines" without adequately considering the mitigating circumstances, which this Court has deemed to be a substantial question. Appellant's Brief at 3; *see Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*).

In this case, Appellant did not receive an aggravated-range sentence for her IDSI crime.[2]  Thus, her claim that the court failed to consider mitigating circumstances in sentencing her for that offense does not constitute a substantial question for our review.

However, Appellant did receive a term of incarceration that was outside the guideline range for her conspiracy conviction.  *See* TCO at 10 (acknowledging that the standard guideline range for Appellant's conspiracy conviction was 72 to 90 months, with an aggravated range of 84 to 102 months, making Appellant's minimum sentence of 10 years' imprisonment

_____

[2] ISDI and conspiracy to commit IDSI offenses are both first-degree felonies. 18 Pa.C.S. § 3123(b) ("A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age.");  18 Pa.C.S. § 905(a) (stating that conspiracy is a "crime[] of the same grade and degree as the most serious offense which is … the object of the conspiracy").  Thus, the statutory maximum terms for each of Appellant's convictions was 20 years' imprisonment.  18 Pa.C.S. § 1103(1).  The standard guideline range for Appellant's IDSI crime was 96 months to the statutory limit, plus or minus 12 months for the aggravated and mitigated ranges, respectively.  *See* N.T. Sentencing, 9/28/18, at 4.  Appellant received a minimum sentence of 10 years for that offense, which was within the standard range.

outside the guideline ranges). Thus, we will consider Appellant's argument pertaining to her sentence for conspiracy as amounting to a substantial question for our review.

Nevertheless, no relief is due. At the sentencing proceeding, defense counsel highlighted the mitigating factors that Appellant cites herein. Specifically, counsel stressed that Appellant had a difficult life, N.T. Sentencing at 6-8; she had a history of drug and mental health issues, and had resorted to prostitution to support her family, *id.* at 9-10; she had been sexually assaulted and abused by her ex-husband, *id.* at 9; she was remorseful and had accepted responsibility by pleading guilty, *id.* at 10; and she had lost custody of both of her children as a result of her convictions, *id.* at 14. Additionally, the court had the benefit of a PSI and, thus, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Rush*, 162 A.3d 530, 545 n.12 (Pa. Super. 2017) (citations omitted).

Ultimately, the court found that the mitigating factors were outweighed by the heinousness of Appellant's offenses against her own child, and the impact those crimes had on the victim. N.T. Sentencing at 30. The court also found Appellant's claims of remorse to be self-serving and insincere, and concluded that Appellant posed a danger to the public that warranted a lengthy sentence. *Id.* at 29-30. Given this record, it is clear the court considered the mitigating circumstances in this case, but found they were

outweighed by aggravating factors. We discern no manifest abuse of discretion that would permit us to disturb the court's sentencing decision. **See Rush**, 162 A.3d at 544 ("Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion.") (citation omitted).

We next address another subclaim set forth within Appellant's first issue. Specifically, Appellant cursorily contends that the court erred by increasing her sentence at the hearing on her motion for reconsideration. Appellant does not present a meaningfully developed argument in support of this claim. Instead, she merely states that we must presume vindictiveness when a court increases a sentence following the grant of reconsideration, and requests that we vacate her present sentence. **See** Appellant's Brief at 12-13 (citing **North Carolina v. Pearce**, 395 U.S. 711 (1969), *overruled on other grounds by* **Alabama v. Smith**, 490 U.S. 794 (1989)). Accordingly, she insists that her increased sentence must be vacated.

Despite Appellant's scant argument, we conclude that she is entitled to relief based on this Court's recent decision in **Commonwealth v. Coleman**, 226 A.3d 598 (Pa. Super. 2020). There, we explained that,

> the trial court, at a hearing on [Coleman's] motion to modify his sentence, increased [his] sentence. Three facts [were] not in dispute: 1) the Commonwealth did not request a modification of [Coleman's] sentence, either in writing pursuant to Pa.R.Crim.P. 721 or orally at the hearing;[5] 2) the trial court was not correcting a patent or obvious mistake in [Coleman's] original sentence;[6] and 3) the original sentence imposed upon [Coleman] was not illegal.[7] Thus, the issue here is whether a court may *sua sponte* increase a defendant's sentence where it has

decided the original sentence imposed was too lenient. We conclude that such a challenge implicates the authority of the court to impose the sentence, and therefore this issue is a challenge to the legality of [Coleman's] sentence, which we may address *sua sponte*. **See Commonwealth v. Robinson**, 7 A.3d 868, 870 (Pa. Super. 2010) ("This Court has held that an attack upon the power of a court to impose a given sentence is a challenge to the legality of a sentence.").

[5] There is no question that the Commonwealth may file a motion to modify sentence, and the trial court is permitted to increase a defendant's sentence in response thereto. **See** Pa.R.Crim.P. 721; **Commonwealth v. Anderson**, … 450 A.2d 1011 ([Pa. Super.] 1982) (*en banc*).

[6] A trial court may *sua sponte* correct a patent or obvious mistake. **See** Pa.R.Crim.P. 720 (Miscellaneous Comments); 42 Pa.C.S. § 5505 (providing a court may modify or rescind an order within 30 days). In **Commonwealth v. Holmes**, … 933 A.2d 57, 67 ([Pa.] 2007), our Supreme Court pointed out that "the inherent power to correct errors does not extend to reconsideration of a court's exercise of sentencing discretion. A court may not vacate a sentencing order merely because it later considers a sentence too harsh or too lenient."

[7] A trial court may correct an illegal sentence *sua sponte*, even where a defendant has started serving that sentence. **See Commonwealth v. Jones**, … 554 A.2d 50 ([Pa.] 1989); **Commonwealth v. Vanderlin**, … 580 A.2d 820, 829 ([Pa. Super.] 1990).

**Id.** at 603.

The **Coleman** panel then noted that, in **Commonwealth v. Nickens**, 923 A.2d 469 (Pa. Super. 2007), this Court held that "[w]hen the Commonwealth does not file a post-sentence motion seeking modification of a sentence, the sentencing court may not increase a sentence based upon the

defendant's post-sentence motion." ***Id.*** (quoting ***Nickens***, 923 A.2d at 472). Finding Coleman's case "virtually indistinguishable" from ***Nickens***, the ***Coleman*** panel held that the trial court lacked authority to *sua sponte* increase Coleman's sentence in response to his motion for reconsideration, where the Commonwealth had not also filed a post-sentence motion. ***Id.***

As in ***Coleman***, here, the Commonwealth did not file a post-sentence motion, and yet the court *sua sponte* increased Appellant's sentence at the hearing on her motion for reconsideration. The court stated that it was doing so because it believed its original sentence was too lenient, and because Appellant continued to exhibit a lack of remorse for her heinous crimes. N.T. Hearing, 10/11/18, at 7, 12-13. Because the Commonwealth did not seek reconsideration of Appellant's sentence on these, or any other grounds, ***Coleman*** and ***Nickens*** compel us to conclude that the court lacked authority to increase Appellant's sentence. Thus, we vacate Appellant's sentence and remand for the court to reinstate the sentencing order of September 28, 2018.

In Appellant's final issue, she challenges the constitutionality of her lifetime registration requirement under Subchapter I of SORNA II. According to Appellant, SORNA II is punitive under ***Muniz***, which held that the registration requirements of Subchapter H of SORNA I, as applied retroactively, were punitive under the seven-factor test set forth by the United States Supreme Court in ***Kennedy v. Mendoza-Martinez***, 372 U.S. 144 (1963). Thus, the ***Muniz*** Court deemed SORNA I unconstitutional under the

*ex post facto* clauses of the United States and Pennsylvania Constitutions. ***See Muniz***, 164 A.3d at 1223.

Based on ***Muniz***, Appellant claims that SORNA II's retroactive application to her is unconstitutional. Additionally, Appellant cursorily complains that her due process rights were violated because "the trial court did not afford [her] a … hearing to show that she was not a high risk of being a recidivist." Appellant's Brief at 17. According to Appellant, such a hearing was required to protect her "fundamental and inherent right to reputation under the [Pennsylvania Constitution] Art[.] I, Sec[.] 1." ***Id.***

Notably, Appellant fails to acknowledge that SORNA I was amended following ***Muniz***, and she provides no analysis of SORNA II under the ***Mendoza-Martinez*** factors. More problematically, Appellant did not raise these constitutional claims orally before the court at sentencing, or in her written post-sentence motion. While she states that her SORNA II arguments are non-waivable challenges to the legality of her sentence, we disagree. In ***Commonwealth v. Lacombe***, 234 A.3d 602 (Pa. 2020), the Pennsylvania Supreme Court held that the registration requirements in Subchapter I of SORNA II do ***not*** constitute criminal punishment. ***Id.*** at 626. Thus, Appellant's challenges to her lifetime registration requirement under that provision implicate the collateral consequences of her convictions, rather than the legality of her sentence. ***See Commonwealth v. Smith***, 240 A.3d 654, 658 (Pa. Super. 2020) ("Non-punitive, administrative requirements are merely collateral consequences of a criminal conviction."). Because Appellant

- 12 -

failed to raise these assertions before the trial court, they are waived.[3]  **See**
Pa.R.A.P. 302(a).

Judgment of sentence vacated.  Case remanded for the reinstatement
of the sentence imposed on September 28, 2018.  Jurisdiction relinquished.

Judge Nichols did not participate in the consideration or decision of this
case.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/12/2021*

---

[3] In any event, we would conclude that **Lacombe's** holding that Subchapter I
is non-punitive defeats Appellant's *ex post facto* and due process claims.